UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00224-RJC

| | |
|---|---|
| TIAWAN ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 12, 14). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court grants Plaintiff's Motion for Summary Judgment and remands this matter for further proceedings consistent with this Order.

**I.     BACKGROUND**

Plaintiff Tiawan Adams ("Adams") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Adams filed his application for disability insurance benefits on July 16, 2018, alleging disability beginning July 16, 2018. (Tr.[1] 14).

In denying Adams's social security claim, the ALJ denied benefits at step four of the sequential evaluation. (Tr. 14–23). At step one, the ALJ found that Adams had not engaged in

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 8.

substantial gainful activity since the alleged onset date.[2]  *Id.* at 16.  At step two, the ALJ found that Adams had the following combination of severe impairments: lumbar degenerative disc disease, posttraumatic stress disorder, and depression.  *Id.*  At step three, the ALJ found that Adams had moderate limitations in the following: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  *Id.* at 16–18.  The ALJ determined that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment.  *Id.*  Before moving to step four, the ALJ found that Adams had the residual functional capacity ("RFC") to perform light work as explained below:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he should not have concentrated exposure to hazards, he should not be in an environment with noise exceeding moderate per the DOT SCO, he is limited to unskilled work of a routine repetitive nature in 2-hour segments, he should not have any public contact, he can have frequent supervisor and coworker contact but no teamwork, he should not work at a production pace (non-automated/conveyor), he should work in a stable work setting, and he should not be involved with conflict resolution or crisis management.

*Id.* at 18.  At step four, the ALJ found that Adams was capable of performing past relevant work ("PRW") as a mail clerk.  *Id.* at 23.  In particular, the ALJ noted that in the DOT a mail clerk is a light job with an SVP of 2.  *Id.*  The ALJ also found Adams's RFC was consistent with the physical and mental demands of working as a mail clerk and that such jobs existed in significant numbers in the national economy.  *Id.*  The ALJ thus found that Adams was not disabled.  *Id.*  After exhausting his administrative remedies, Adams brought the instant action for review of Defendant's decision denying his application for disability insurance benefits under Title II, of the Social Security Act.  (DE 1).

---

[2] While it did not rise to the level of substantial gainful activity, the ALJ noted that in the third quarter of 2018 Adams earned $2,714 from the U.S. Postal Office.  (Tr. 16).

2

## II.	STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so

3

long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

**III.      DISCUSSION OF CLAIM**

Adams raises three challenges to the ALJ's decision that he was not disabled: the ALJ's RFC is not supported by substantial evidence because (1) the RFC conflicts with the ALJ's finding that Adams was capable of returning to his PRW as a mail clerk, (2) the RFC term "non-production pace" is undefined, and (3) the ALJ failed to explain why he only partially adopted a medical opinion that he found persuasive. The Court grants remand based on Plaintiff's third challenge.

As support for the RFC, the ALJ "found the State Agency assessment persuasive; they found that the claimant could perform short, simple instructions with limited interpersonal demands in a low stress setting." (Tr. 21). The ALJ found this "consistent with the office visit notes at the VA and the absence of any hospitalizations." *Id.* The ALJ also found Dr. Steinmuller's report persuasive which found "an ability to follow simple instructions." *Id.* However, the RFC did not include a limitation to "short, simple instructions," and instead only included a limitation to "unskilled work of a routine repetitive nature." The ALJ did not give an explanation why a limitation to short and simple instructions was not included in the RFC. Adams argues there is a material conflict as the RFC is broader than the limitations noted by the State Agency consultant which the ALJ found persuasive and that the ALJ did not explain this inconsistency. Defendant argues that the ALJ does not have to explain a partial adoption of a medical consultant opinion.

In formulating an RFC, the ALJ is not required to discuss each and every piece of evidence. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865–66 (4th Cir. 2014). In determining a claimant's RFC, the ALJ need not adopt a medical opinion in its entirety because the ALJ determines the appropriate RFC based on the record as a whole. *Wedwick v. Colvin*, 2015 WL

4

4744398, at *20 (E.D. Va. July 7, 2015); s*ee also Trimmer v. Astrue*, No. 3:10cv639, 2011 WL 4589998, at *6 (E.D. Va. Sept.7, 2011) (an ALJ is not required to "adopt an opinion in its entirety in determining a claimant's RFC"). However, an ALJ cannot assign weight to a medical opinion without addressing material conflicts between that opinion and the ALJ's RFC.

> Significantly, in discussing Ezzell's residual functional capacity, the ALJ specifically referred to Dr. Cohen's observations, finding that they were "consistent with the clinical record," and "accurately describe[d] the functional impact of the medically determinable impairments upon the claimant." Accordingly, the ALJ gave Dr. Cohen's opinions "significant weight." Without any discussion, however, the ALJ concluded—implicitly rejecting Dr. Cohen's opinion—that Ezzell failed to show that his impairment resulted in the inability to ambulate effectively on a sustained basis.

*Ezzell v. Berryhill*, 688 Fed. App'x 199, 201 (4th Cir. 2017). Courts in this district have further explained "that an ALJ cannot implicitly reject portions of a doctor's opinion [that the ALJ found persuasive] that are inconsistent with her RFC without" adequately explaining her reasoning. *See, e.g.*, *Clark v. Berryhill*, No. 5:17-CV-143-DCK, 2018 WL 3014408, at *5 (W.D.N.C. June 15, 2018).

Here, the ALJ found persuasive the State Agency consultant's medical opinion that Adams could "perform short, simple instructions" which was "consistent with the office visit notes at the VA." The ALJ also found persuasive Dr. Steinmuller's opinion that Adams had the "ability to follow simple instructions." However, the ALJ failed to include this limitation, or any limitation regarding instructions, in the RFC. This makes the RFC broader than the medical opinions to short, simple instructions the ALJ found persuasive, and creates an inconsistency. As explained in *Ezzell* and *Clark*, the ALJ must give some explanation for such an inconsistency. The ALJ here did not which frustrates meaningful review and requires remand. *Mabe v. Saul*, No. 1:19-CV-00246-RJC, 2020 WL 4505462, at *5 (W.D.N.C. Aug. 5, 2020) (quoting *Mascio v. Colvin*, 780

5

F.3d 632, 636 (4th Cir. 2015)) ("Remand may be appropriate where 'inadequacies in the ALJ's analysis frustrate meaningful review.'").

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (DE 12), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (DE 14), is **DENIED**; and
3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 3, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge